IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN CROTTS and SABRINA CROTTS<br><br>Plaintiffs,<br><br>vs.<br><br>GUNNISON VALLEY BANK et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:11-cv-1113 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Samuel Alba |

## INTRODUCTION

Plaintiffs Ryan and Sabrina Crotts, as *pro se* litigants, filed a complaint and motion for temporary restraining order pertaining to the foreclosure of their home and pending eviction. The case was referred to United States Magistrate Judge Samuel Alba under 28 U.S.C. § 636(b)(1)(B). On December 19, 2011, Judge Alba issued a Report and Recommendation, recommending that Plaintiffs' motion for a temporary restraining order be denied. Plaintiffs filed an Objection on January 3, 2012 that asserts this case cannot be handled by a magistrate judge because it is a suit in equity. Subsequently, Defendants Gunnison Valley Bank, Paul Andersen, V. Lowry Snow, and Snow Jensen & Reece filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have not responded to the motion. The court grants the motions to dismiss.

**BACKGROUND**

Gunnison Valley Bank (the "Bank") provided a short-term construction loan to Ryan Crotts on March 6, 2008 in the amount of $194,675. After the Bank foreclosed on the loan, Plaintiffs moved to enjoin their eviction. Plaintiffs assert the foreclosure is not valid because the Bank did not sign the loan agreement and the note and deed of trust were bifurcated during an improper securitization transaction. As a result, the Bank cannot show that it had a perfected interest in Plaintiffs' home.

Plaintiffs' first cause of action states that Defendants lacked standing to foreclose because they failed to perfect a security interest in Plaintiffs' home. Within this same claim, Plaintiffs also assert the loan violated state and federal laws because it was deceptive and fraudulent. Plaintiffs assert that the "loan" from the Bank was not actually a loan because the Bank did not fund the loan from its capital assets and provided nothing of value. Instead, the loan was an "investment contract" that the Bank fraudulently induced Plaintiffs to enter. Because the loan is purportedly invalid, Plaintiffs contend they hold title to the property free and clear, and that taking their property is a violation of their civil liberties. Moreover, Plaintiffs contend the Bank's actions violate 15 U.S.C. §§ 78r(a) and 78cc(b) of the Securities Exchange Act and 18 U.S.C. § 513(a) of the criminal code. Finally, Plaintiffs contend that by calling the transaction a "loan," Defendants have violated 15 U.S.C. § 1692 of the Fair Debt Collection Practices Act ("FDCPA") because it has made a false or misleading statement.

Plaintiffs second cause of action asserts the Bank concealed that the loan would be securitized and that the loan's character would change because no single party would hold the Note.

As a result, Plaintiffs allege they were fraudulently induced to enter into the "loan" in violation of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). The remaining five causes of action arise under state law, including fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, and declaratory judgment seeking equitable relief.

## ANALYSIS

I.     **RULE 12(b)(1) MOTION**

    A.     **Standard of Review**

Defendants seek to dismiss Plaintiffs' Complaint based on Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) challenges may consist of a facial attack or a factual attack. *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001). A facial attack challenges the sufficiency of the complaint. *Id.* (citation omitted). "In addressing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* (citation omitted). In contrast, a factual attack looks beyond the "allegations contained in the complaint and challenge[s] the facts upon which subject matter jurisdiction depends." *Id.* (quotations and citation omitted). In such instances, a "court does not presume the truthfulness of the complaint's factual allegations," but "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (quotations and citations omitted). Here, Defendants have introduced documents to prove the existence of the loan at issue and affidavits pertaining to jurisdiction. The facts contained in the documents go beyond those alleged in the Complaint. The court therefore construes Defendants' motion as a factual attack.

### B.      Statute of Limitations

Plaintiffs assert claims under 15 U.S.C. §§ 78r(a) and 78cc(b) of the Securities Exchange Act and under the FDCPA, TILA and RESPA. Defendants assert the statute of limitations on these claims commenced when the loan documents were signed because Plaintiffs contend that is when the alleged fraudulent representations and false loan occurred. The court concurs.

Defendants have provided evidence to show the documents at issue were executed on March 6, 2008. The statute of limitations for FDCPA claims is one year. 15 U.S.C. § 1692k(d). Plaintiffs did not file their Complaint until December 5, 2011. Plaintiffs' FDCPA claim is barred by the statute of limitations.

The statute of limitations for the Securities Exchange Act claims is one year from the date of discovery, but in no case more than three years from the date the cause of action accrued. 15 U.S.C. §§ 78r(c), 78cc(b). Even assuming the three year period applies here, Plaintiffs' claims fall outside that time period. Consequently, these claims are also time-barred.

Plaintiffs' TILA and RESPA claims are also time-barred. Depending on the relief sought, TILA has a one-year or a three-year statute of limitations. *See* 15 U.S.C. § 1635(f) (providing a three-year statute of limitations for rescission claims); 15 U.S.C. § 1640 (providing a one-year statute of limitations for damages claims). RESPA has a similar statute of limitations. *See* 12 U.S.C. § 2614 (providing a three-year statute of limitations for loan servicing issues and a one-year statute of limitations for issues pertaining to kickbacks and title insurance). Again, even if the court assumes the three-year statute of limitations applies, Plaintiffs' claims are time-barred.

### C. No Private Right of Action

Plaintiffs further assert a claim under 18 U.S.C. § 513(a). This is a criminal statute, with no express private right of action. Because "[d]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, . . . Plaintiffs have no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Smith v. Nat'l City Mortg.*, Case No. A-09-cv-881, 2010 U.S. Dist. LEXIS 86221, at *14 15 (W.D. Tex. Aug. 23, 2010) (citations omitted). This claim, therefore, does not afford the court jurisdiction.

## II. RULE 12(b)(6) MOTION

### A. Standard of Review

Defendants also contend Plaintiffs' Complaint should be dismissed under Rule 12(b)(6). Under this motion, a court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals*, 144 F.3d 1302, 1304 (10th Cir. 1998) (citation omitted). Importantly, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Typically, a court only looks at a complaint and any documents attached thereto when deciding a Rule 12(b)(6) motion. A court may consider outside documents, however, if they are referred to in the complaint and central to a plaintiff's claim. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (citations omitted). Under such circumstances, the court does not convert the motion into one for summary judgment. *See id.*

### B.      Failure to State a Claim

Plaintiffs remaining federal claim is for deprivation of civil liberties. Plaintiffs' Complaint largely asserts that the loan at issue was not an actual loan because the lender did not give true value for the loan. Plaintiffs also assert the loan is invalid due to securitization. This court has repeatedly rejected claims based on an alleged split of the note and deed of trust. Moreover, Defendants have provided documents to show that Ryan Crotts did execute loan documents. Although Plaintiffs may dispute that true value was given, the documents speak for themselves. Additionally, Plaintiffs' civil liberties claim is stated in conclusory terms that are factually unsupported. Finally, in a state court proceeding, title to the property at issue was quieted in the Bank's favor "free and clear of any right[,] title or interest of the [Plaintiffs in this matter]." *See* Default Judgment & Order Against Ryan Crotts & Sabrina Crotts, ¶ 6 (Dkt. No. 6, Ex. 1 at 46).[1] Based on these factors, the court concludes that Plaintiffs have failed to state a valid deprivation of their civil liberties and hereby dismisses this claim under Rule 12(b)(6).

The remaining claims in this case are state law claims for which this court declines to exercise supplemental jurisdiction. Accordingly, the court hereby dismisses this case, but does so without prejudice.[2]

---

[1] A court may take judicial notice of appropriate matters, including "facts which are a matter of public record," without converting a 12(b)(6) motion into a summary judgment motion. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quotations and citation omitted).

[2] With the exception of Plaintiffs' civil liberties claim, the court has dismissed the claims based on lack of jurisdiction. In the Tenth Circuit, any dismissal based on lack of jurisdiction must be done without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (citations omitted).

## CONCLUSION

For the reasons stated above, the court GRANTS Defendants' motion to dismiss without prejudice.[3]  Because the court's ruling is dispositive, the court does not address Plaintiffs' Objection to Judge Alba's Report and Recommendation.  The parties shall bear their own costs.

DATED this 28th day of February, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[3] Docket No. 6.